# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

|  |  |
|---|---|
| IN RE: ) | |
| ) | |
| STACEY ANN WHARAM ) | Case No. 15-10501-BFK |
| ) | Chapter 7 |
| Debtor ) | |
| ) | |
| JANET M. MEIBURGER, TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. _____ |
| ) | |
| DANIEL WHARAM ) | |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

Janet M. Meiburger, Trustee, Plaintiff herein, by her undersigned proposed counsel, files this Complaint and states as follows:

### **PARTIES AND NATURE OF ACTION**

1. This is a complaint to avoid fraudulent conveyances to the Defendant and to recover the property conveyed pursuant to 11 U.S.C. §§ 548 and 550.

---

Janet M. Meiburger, VA Bar No. 31842
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, VA 22101
(703) 556-7871
Proposed Counsel for Chapter 7 Trustee

2. On February 12, 2015 (the "Petition Date"), Stacy Wharam (the "Debtor") filed her voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

3. Janet M. Meiburger was duly appointed as Chapter 7 Trustee on February 13, 2015 (Docket No. 4), and she continues to serve in that capacity.

4. Defendant Daniel Wharam is a resident of the Commonwealth of Virginia, presently residing at 2532-B South Arlington Mill Drive, Arlington, Virginia 22206.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157 and 1334.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

7. The Plaintiff consents to the entry of a final judgment by the Bankruptcy Court.

## FACTUAL ALLEGATIONS

a.  The Relationship Between the Debtor and Mr. Wharam

8. On information and belief, the Debtor and Mr. Wharam were engaged to be married during the spring of 2014 and were married in the fall of 2014.

b.  The Debtor's Transfers to Mr. Wharam

9. On February 28, 2014, the Debtor entered into a Regional Sales Contract (the "Contract") for the real property located at 2532-B South Arlington Mill Drive, Arlington, Virginia 22206 (the "Property").

10. The Contract permitted the Debtor to rent the Property for a five month period prior to settlement on the condition that the Debtor pay $25,000.00 toward the deposit for the Property, to be applied at closing, and also pay $1,200.00 per month as a rental fee. The Debtor made these payments.

11.     In the summer of 2014, the Debtor also paid a total of $44,704.60 to Gemini Wallcovering and Renovations toward the costs of renovating the Property.

12.     On July 29, 2014, the Debtor transferred $60,000.00 to a bank account in Mr. Wharam's name only.

13.     On September 17, 2014, the Contract was amended to provided that Mr. Wharam would be the sole purchaser of the Property.

14.     The HUD Settlement Statement showed that Mr. Wharam, who was now the sole purchaser of the Property, was required to pay $59,185.35 at closing, in addition to the initial $25,000.00 deposit paid by the Debtor.

15.     On information and belief, of the $59,185.35 to be paid at closing, Mr. Wharam paid $35,000.00 from his own funds.

16.     On information and belief, the remaining balance of $24,185.35 was paid from the $60,000.00 that the Debtor transferred to Mr. Wharam on July 29, 2014.

17.     In total, the Debtor transferred $93,889.95 to or for the benefit of Mr. Wharam within one (1) year prior to the Petition Date, consisting of the $25,000.00 down payment, the $44,704.60 paid to Gemini Wallcovering and Renovations, and the $24,185.35 paid at closing (the "Transfers").

c.     The Debtor's Financial Condition at the Time of the Transfers

18.     During the time of the transfers to the Defendant, the Debtor was involved in a divorce proceeding in the Circuit Court of Albemarle County, Virginia. The Complaint for divorce was filed by the Debtor's ex-husband, Richard Austin, in 2013 (Case No. CL13-366).

19.     The Circuit Court of Albemarle County, Virginia ruled on August 22, 2013 that Mr. Austin and the Debtor were to pay half of the monthly mortgage expenses attributable to the real property located at 630 Tanners Lane, Earlysville, Virginia 22936 (the "Tanner Lane Property").

3

20. On December 31, 2014, the Circuit Court of Albemarle County, Virginia ordered the Debtor to pay Mr. Austin $22,382.81 as reimbursement for failing to pay her share of the mortgage on the Tanner Lane Property.

21. In addition, in the same order, the Albermarle County Circuit Court found that the Debtor forged Mr. Austin's signature on two specific powers of attorney from Mr. Austin to herself in order to obtain several loans that obligated either Mr. Austin, or the business entities he owned, REA Partnership-A and REA Development, Inc. The Court found the Debtor liable for all debts incurred through the use of the powers of attorney, in the approximate amount of $1,615,642.68.

22. In addition, the Debtor owed taxes to the Internal Revenue Service ("IRS") and the Virginia Department of Taxation in the aggregate amount of $76,327.98, as shown on Claim Nos. 4 and 5 in the Debtor's bankruptcy case.

## COUNT ONE
## AVOIDANCE AND RECOVERY OF FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B) and 550

23. The allegations of the paragraphs above are incorporated herein.

24. Pursuant to 11 U.S.C. § 548(a)(1)(B), the Trustee may avoid any transfer of an interest of the Debtor in property, within two (2) years before the petition date, if the Debtor received less than a reasonably equivalent value in exchange for such transfer, and if the transfer was made while the Debtor was insolvent or the Debtor became insolvent as a result of such transfer.

25. The Transfers were a transfer of an interest of the Debtor in property.

26. The Transfers were made within two (2) years before the Petition Date.

27. The Debtor received less than a reasonably equivalent value for the Transfers.

28. The Debtor was insolvent at the time of the Transfers, or the Transfers rendered the Debtor insolvent.

4

29. Pursuant to 11 U.S.C. § 550 (a)(1), to the extent that a transfer is avoided under 11 U.S.C. § 548, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from the initial transferee of such transfer.

30. Mr. Wharam is the initial transferee of the Transfers.

**WHEREFORE**, Plaintiff requests that judgment be entered avoiding the transfers to Mr. Wharam for the $25,000.00 down payment, the $44,704.60 paid to Gemini Wallcovering and the $24,185.35 paid at closing, as fraudulent transfers pursuant to 11 U.S.C. § 548, and granting judgment against Mr. Wharam in the amount of $93,889.95 pursuant to 11 U.S.C. § 550.

Respectfully submitted

THE MEIBURGER LAW FIRM, P.C.

Dated: February 10, 2017         By:    /s/ Janet M. Meiburger
Janet M. Meiburger, Esq., VSB No. 31942
The Meiburger Law Firm, P.C.
1493 Chain Bridge Road, Suite 201
McLean, Virginia 22101
(703) 556-7871

Proposed Counsel to Chapter 7 Trustee